# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | |
|---|---|
| **MARY J. DOWNING,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )      **CAUSE NO. 1:12-cv-22** |
| | ) |
| **DEPARTMENT OF HEALTH** | ) |
| **AND HUMAN SERVICES**, *sued as* | ) |
| *Kathleen Sebelius, Secretary*, | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is a letter (Docket # 5) and a questionnaire and its supplement (Docket # 18, 20) filed by *pro se* Plaintiff Mary Downing, requesting that the Court appoint counsel to represent her in this appeal from the denial of Medicare Part B payments for her repeated use of ambulance services. Because Downing's case is not a difficult one and since she is competent to litigate it, her motion will be DENIED.

## I. LEGAL STANDARD

"Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 405."[1] *Kirkpatrick v. Astrue*, No. 08-0407, 2008 WL 879407, at

---

[1] Although Downing challenges her denial of Medicare Part B coverage under the Medicare statute, 42 U.S.C. § 1395ff, this statute authorizes judicial review "as provided in [42 U.S.C. §] 405(g)," *Gordian Med., Inc. v. Sebelius*, No. CV 10-3933 CAS (FFMx), 2012 WL 1155849, at *3 (C.D. Cal. Apr. 4, 2012) (citing 42 U.S.C. § 1395ff(b)(1)(A)). As such, the rationale regarding appointment of counsel in social security appeals would seem to apply here. But even if it does not, no constitutional or statutory right to counsel exists in a civil case. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).

*1 (W.D. La. Mar. 31, 2008). "Thus, the court must look to the more general authority of 28 U.S.C. § 1915(e)(1) to consider [a] plaintiff's request for court-appointed counsel." *Id.*

Under 28 U.S.C. § 1915(e)(1), a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Santiago*, 599 F.3d at 760-61; *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288. "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 761.

The second prong of this test comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims [her]self." *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 761. The question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury [her]self." *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 761. Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate [her] own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 654-55 (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id*; *see also Santiago*, 599 F.3d at 762. And if the record reveals the plaintiff's intellectual capacity and

2

psychological history, these too would be relevant. *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 762. Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Pruitt*, 503 F.3d at 654-55; *see also Santiago*, 599 F.3d at 762.

## II. ANALYSIS

Here, the first prong of the foregoing legal standard—that is, whether Downing has made a reasonable attempt to obtain counsel on her own—is not in issue. She apparently has contacted at least five different attorneys; none, however, have taken her case. (*See* Docket # 18, 20.) Of course, this is an indication that her case may indeed have little merit and that appointing counsel will not make a difference in the case's ultimate outcome. *See Jackson*, 953 F.2d at 1073 (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

Nevertheless, the Court will proceed to the second prong of the inquiry—the difficulty of Downing's claims and her competence to litigate them herself. As to the difficulty of the case, this suit is a relatively straightforward appeal of a denial of Medicare Part B payments, which does not seem unduly complex. *See Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003) (denying appointment of counsel in a social security appeal when the case did not present novel or overly complex legal issues); *cf. Kirkpatrick*, 2008 WL 879407, at *1 (noting that a social security appeal, by nature, is not unduly complex). Moreover, just as in a social security appeal, "[t]he matter will be decided by the court upon the existing administrative record and after consideration of the parties' arguments as presented in written memoranda." *Kirkpatrick*, 2008 WL 879407, at *1. Accordingly, "skill in the presentation of evidence and in cross-examination is not required." *Id*. And "because these matters are decided

on the existing record and written briefs, a trial will not be held." *Id*. Thus, the first factor—the difficulty of her claims—cuts against Downing's request for counsel. *See id.* at *1-2 (denying a motion to appoint counsel in an appeal from the denial of social security disability benefits).

Second, Downing has already adequately articulated her claims in this case by filing a complaint that included the relevant facts along with a supplement (Docket # 1, 8), *see Foggie*, 243 F. Supp. 2d at 4 (denying request to appoint counsel when the plaintiff had "shown the ability to properly file a complaint including the relevant facts of her case"), and actively participating in the July 25, 2012, status conference despite her difficulties hearing (Docket # 21). Furthermore, the administrative record reveals that Downing has a college education (*see* Tr. 332) and wrote intelligible letters in support of her position (Tr. 23-26, 297-301). Therefore, considering her education, writing ability, and participation in the status conference, Downing has reasonably good communication skills, which the transcript of her administrative hearing testimony further evidences. (Tr. 311-33.) Moreover, the facts of the case are within Downing's particular knowledge and, as explained *supra*, are already articulated in the administrative record; therefore, the task of developing the record is not at issue. As a result, the second factor of the two-fold inquiry—the plaintiff's competence to litigate the claims herself—also fails to support Downing's request for counsel.

Considering the foregoing, Downing appears quite competent to adequately handle the litigation of this relatively straightforward appeal of the denial of her request for Medical Part B payments. Consequently, her motion asking that the Court recruit counsel for her will be denied.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's request for appointment of counsel (Docket # 5) is DENIED. Plaintiff is, of course, free to attempt to secure counsel on her own. Plaintiff is to

file an opening brief on or before August 24, 2012. If the opening brief is not filed, the case will

be subject to dismissal.

Enter for this 25th day of July, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge